UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASSURE NEUROMONITORING                     CIVIL ACTION
LOUISIANA, LLC

VERSUS                                                           NO. 21-cv-01489

FAIRWAY MEDICAL CENTER,                    SECTION "H"
L.L.C., d/b/a AVALA

## ORDER AND REASONS

Before the Court is Defendant Fairway Medical Center, LLC d/b/a/ Avala's Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiff Assure Neuromonitoring Louisiana, LLC brings this action against Defendant Fairway Medical Center, LLC d/b/a Avala to recover damages arising from Defendant's allegedly wrongful retention of compensation for intraoperative neuromonitoring ("IONM") services that Plaintiff provided. Plaintiff alleges that it entered into a contractual agreement with Defendant to provide IONM services in exchange for the "exclusive right to bill and collect any fees from patients and third-party payors associated with" Plaintiff's services.[1] Plaintiff further alleges that at the time that the parties entered into the agreement, Defendant had a separate agreement with Blue Cross Blue Shield of Louisiana ("BCBSLA") under which Defendant was

---

[1] Doc. 1.

paid directly by BCBSLA for IONM services and under which Plaintiff could not bill or collect payment from BCBSLA itself. Plaintiff alleges that Defendant has not paid it for the IONM services covered by BCBSLA. Plaintiff further alleges that Defendant knew of this arrangement with BCBSLA at the time that it entered into the contract with Plaintiff, but it did not inform Plaintiff of this arrangement or the fact that Plaintiff would not have the exclusive right to bill and collect fees from patients with BCBSLA insurance. Plaintiff brings several claims against Defendant, including breach of contract, mutual mistake, unilateral mistake, and unjust enrichment.

In the instant Motion, Defendant moves for dismissal only of Plaintiff's unjust enrichment claim, arguing that it is prohibited where Plaintiff also brings a breach of contract claim. Plaintiff opposes, arguing that it is permitted to bring a claim for unjust enrichment in the alternative.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the

---

[2] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[3] *Id.*

[4] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[5] *Iqbal*, 556 U.S. at 678.

plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Defendant argues that Plaintiff cannot, as a matter of law, bring a claim for unjust enrichment in conjunction with a claim for breach of contract. Indeed, the law is clear that a claim for unjust enrichment "will only be allowed when there is no other remedy at law."[9] Accordingly, where a Plaintiff has a claim pursuant to a valid and enforceable contract, it cannot also bring a claim for unjust enrichment.[10] Whether the plaintiff *succeeds* on his other claims, however, is immaterial.[11] "The mere fact that there are alternative remedies available precludes a claim for unjust enrichment."[12] On the other hand, unjust enrichment is a valid remedy where there is not a valid or enforceable contract, such as where a contract is rescinded.[13]

Plaintiff argues that it has pleaded unjust enrichment in the alternative to its other claims. Plaintiff argues that because it claims bilateral and unilateral mistake, the contract may be rescinded and the only remedy available to it will be unjust enrichment. In other words, Plaintiff argues that the Court has not determined whether another remedy exists at law. This

---

[6] *Id.*

[7] *Lormand*, 565 F.3d at 255–57.

[8] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).

[9] Minyard v. Curtis Prods., Inc., 251 La. 624, 650 (La. 1967).

[10] Westbrook v. Pike Elec., LLC., 799 F. Supp. 2d 665, 672 (E.D.La. 2011).

[11] *Id.*

[12] *Id.*

[13] Semco, LLC v. Grand Ltd., 221 So. 3d 1004, 1030 (La. App. 5 Cir. 2017).

Court agrees with Plaintiff. A claim of unjust enrichment cannot be applied when other remedies *actually exist*.[14] If this Court finds that the contract is rescinded and no contract exists between the two parties, no other remedy exists for Plaintiff. Dismissal of Plaintiff's unjust enrichment claim at this stage is premature because it is not yet clear whether another remedy exists at law. If this Court ultimately finds that a valid and enforceable contract exists between the two parties, Defendant is invited to re-urge a motion based on this argument.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED.**

New Orleans, Louisiana this 7th day of April, 2022.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] USA Disaster Discovery, Inc. v. St. Tammany Par. Gov't, 111 So. 3d 425, 430 (La. App. 1 Cir. 2012) *writ granted, judgment rev'd sub nom. on other grounds*, USA Disaster Recovery, Inc. v. St. Tammany Par. Gov't, 145 So.3d 235 (La. 2013).