UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASSURE NEUROMONITORING LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 21-1489 |
| FAIRWAY MEDICAL CENTER, LLC D/B/A AVALA | SECTION: "H" |

## ORDER

Before the Court are Defendant Fairway Medical Center, LLC's Motion to File Documents Under Seal (Doc. 45) and Plaintiff Assure Neuromonitoring Louisiana LLC's Motions to File Documents Under Seal (Docs. 46, 50, 51). Defendant asks this Court to seal seven exhibits attached to various record documents. In three separate motions, Plaintiff asks this Court to seal portions of its oppositions to Defendant's Motions and sixteen exhibits.

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it

---

[1] June Med. Servs., L.L.C. v. Phillips, 22 F.4th 512, 521 (5th Cir. 2022).

must be congruent to the need."[2] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[3] Further, "[t]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."[4] The Fifth Circuit has also cautioned that the fact "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record."[5] Pursuant to Local Rule 5.6, a request for a document to be sealed must be accompanied by:

> (1) A non-confidential description of what is to be sealed (e.g., medical records);

> (2) A statement as to why sealing is necessary;

> (3) Reference to governing case law; and

> (4) A statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing.

The parties' motions do not comply with local rules and do not provide adequate support for the sealing of the documents at issue.

Accordingly;

**IT IS ORDERED** that the Motions to Seal are **DENIED** without prejudice to the right to be reurged with appropriate support.

---

[2] *Id.*

[3] Shell Offshore, Inc. v. Eni Petroleum US LLC, No. CV 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc., No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).

[4] *June Med. Servs., L.L.C.*, 22 F.4th at 520 (quoting Shane Grp. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)).

[5] *Shell Offshore, Inc.*, 2017 WL 4226153, at *1.

New Orleans, Louisiana, on this 31st day of May, 2023.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**