UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ASSURE NEUROMONITORING LOUISIANA, LLC**                           **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-cv-01489**

**FAIRWAY MEDICAL CENTER, L.L.C., d/b/a AVALA**                     **SECTION "H"**

## ORDER

Before the Court are Plaintiff Assure Neuromonitoring Louisiana, LLC's Motions in Limine (Docs. 92, 93, 24)

Accordingly;

**IT IS ORDERED** that Plaintiff's Motion in Limine to Exclude All Undisclosed Evidence and Argument Regarding Avala's Affirmative Defenses and All Undisclosed Witnesses (Doc. 92) is **DENIED**. Defendant's disclosures were timely and sufficient to put Plaintiff on notice as to its affirmative defenses and witnesses. Defendant shall supplement its witness list to provide summaries of the anticipated testimony of its newly added witnesses as soon as possible.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence Pertaining to Payments for the Professional Component, DOJ Inquiry, and Parsons's Repayment of Funds (Doc. 93) is **GRANTED IN PART**.

Evidence regarding the fact that payments were received by Assure's separate corporate affiliate for the professional component of IONM services is admissible, but the Court will not allow evidence regarding the amount of those

1

payments. Argument or evidence suggesting that Assure's damages are the fault of another entity are admissible as to Plaintiff's tort claims only. Plaintiff's claim for detrimental reliance sounds in contract.[1] Evidence regarding an inquiry by the United States Department of Justice is irrelevant and inadmissible. Evidence of repayments to Assure's parent company made by former director and officer, Preston Parsons, is irrelevant and inadmissible.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine to Exclude Evidence of Settlement Communications (Doc. 94) is **GRANTED**. The documents identified in Assure's Motion are internal communications regarding settlement discussions with BCBSLA and other third-party facilities and are therefore inadmissible pursuant to Federal Rule of Evidence 408. Rule 408 protects "conduct or statements made in compromise negotiations" regarding "a claim that was disputed as to validity or amount."[2] This protection extends to internal memoranda "and the work of non-lawyers and lawyers alike so long as the communications were 'intended to be part of . . . negotiations toward compromise.'"[3] Defendant may not admit these documents for the purpose of proving or disproving the validity or amount of a disputed claim or impeaching by a prior inconsistent statement.

---

[1] *See* Stokes v. Georgia-Pac. Corp., 894 F.2d 764, 770 (5th Cir. 1990) ("La. Civ. Code art. 1967 was enacted in the 1984 revision of the Obligations section of the Civil Code. It appears in Book III, Title IV, entitled "Conventional Obligations or Contracts." Furthermore, the eminent scholar who directed the drafting of the new articles expressly places detrimental reliance in the contract realm. Saul Litvinoff, *Still Another Look at Cause*, 48 LA. L. REV. 3, 27–28 (1987)"); State v. Murphy Cormier Gen. Contractors, Inc., 170 So. 3d 370, 381 (La. App. 3 Cir. 2015); Jon C. Adcock, *Detrimental Reliance*, 45 LA. L. REV. 753, 761 (1985) ("Detrimental reliance is an equitable rule inserted in our Civil Code which must be construed in conjunction with the rules of contracts.").

[2] Lyondell Chem. Co. v. Occidental Chem. Corp., 608 F.3d 284, 295 (5th Cir. 2010).

[3] *Id.*

New Orleans, Louisiana this 21st day of September, 2023.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**